■ RONALD TURCO et al., Respondents, v GERALD McCARTHY, as President of Local Lodge No. 5, International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO, et al., Appellants.—Judgment, Supreme Court, New York County entered December 18, 1975 rendered after a nonjury trial, which declared plaintiffs entitled to transfer their membership into the defendant local union, affirmed, without costs and without disbursements. The plaintiffs, brothers, commenced this action for a judgment declaring appellant, Local Lodge No. 5 of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO, ("International") violated articles XXX and XXXI of the International's constitution in refusing to accept plaintiffs' transfer of membership from Local Lodge No. 316 to Lodge No. 5. Article XXX outlines the procedure to be followed by union members who obtain employment outside the geographical jurisdiction of their local lodge. Since appellants admittedly never enforced the traveling card requirement of article XXX they necessarily waived the condition of article XXXI that the card must be deposited with the new local to effect a transfer of membership. This requirement having been waived, the thrust of appellants' argument is that a member must have worked within Lodge No. 5's jurisdiction for a period of two consecutive years. And referring to section 58 of the General Construction Law they claim plaintiffs were obliged to work 365 days each year. The mere statement of their position is its own refutation for it would require members to work on Sunday, holidays, while ill, during vacation periods and it gives no consideration to family emergencies or economic layoffs. It being undisputed plaintiffs worked in an area clearly within the geographic limits of Lodge No. 5 during parts of 1972 and 1973, the trial court correctly found they had satisfied the purpose underlying the traveling card requirement. As for the residence requirement of article XXXI, while the geographic perimeter of Lodge No. 5 is undefined, it may well include New Jersey for it appears plaintiffs' father, who is a member of that lodge, has resided there for many years. More importantly, despite plaintiffs' continued contacts with New Jersey, there is enough in the record to support concluding that plaintiffs permanently transferred their residence to New York, within the jurisdiction of Lodge No. 5. Concur—Stevens, P. J., Markewich and Yesawich, JJ.; Silverman and Murphy, JJ., dissent in the following memorandum by Silverman, J.: SILVERMAN, J. (dissenting). The union's constitution provides as a condition for transfer of membership that "a member has had a traveling card deposited in the jurisdiction of such lodge for a period of two (2) consecutive years." I agree that the evidence indicates that defendant Local No. 5 has waived the requirement of literal filing of traveling cards for members of sister unions. The question remains whether the circumstances in this case add up to the equivalent of the requirements for membership, or as the court below put it whether "the plaintiffs have accomplished the purpose of the traveling card requirement." It seems fair to equate the period of working within the jurisdiction of the local to the required period of filing of traveling cards. Indeed the union's constitution article XXX, section 3 provides for mandatory return of the traveling cards, "[a]t any time that a member on a Traveling Card loses his employment in the area within the jurisdiction of the Local Lodge where his

Traveling Card is being held." Plaintiffs worked in the jurisdiction of the local for a period from October, 1971 to April, 1973, approximately 19 months. I do not think that this can be deemed to be "for a period of two (2) consecutive years." General Construction Law § 58 provides, "The term year in a statute, contract, or any public or private instrument, means three hundred and sixty-five days". Application of this statute of course does not mean plaintiffs must work for every day of the year. But at a minimum, a "period of two (2) consecutive years" must span twice 365 days or 24 months. Plaintiffs' employment, deeming that to be the equivalent of the filing of the Traveling Card, was not that long. A further requirement for transfer of membership is that the member "can demonstrate that he has permanently moved his residence to a place within such jurisdiction." On the facts of this case I think it extremely dubious that plaintiff Ronald Turco has "demonstrated" that he has permanently moved his residence to a place within the jurisdiction of Local No. 5. The judgment appealed from, including the directions to admit plaintiffs to membership in Local No. 5, should be reversed on the law and the facts and a judgment directed declaring plaintiffs not to be members of Local No. 5.